## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN HUCKABEE, JR., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 24-cv-02475-SMY |
| ) | |
| ANTHONY WILLS, ) | |
| JEFFREY OLSON, ) | |
| JESSICA FLEENOR, ) | |
| JEFFREY MULHOLLAND, ) | |
| and JACOB GUTERSLOH, ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

This matter is now before the Court for review of the Third Amended Complaint (Doc. 23) filed by Plaintiff John Huckabee, Jr. Plaintiff complains about the conditions of his confinement at Menard Correctional Center. Because he was a prisoner at the time he filed this lawsuit, the Third Amended Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires screening and dismissal of any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. 28 U.S.C. § 1915A.

### Discussion

The Third Amended Complaint violates Federal Rules of Civil Procedure 8 and 10 and the Local Rules. Rule 8 requires a Complaint to contain "a short and plain statement of the grounds for the court's jurisdiction." *See* FED. R. CIV. P. 8(a)(1). The Rule also requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." *See* FED. R. CIV. P. 8(a)(2)-(3). The allegations must be "simple, concise, and direct." *See* FED. R. CIV. P. 8(d)(1). Rule 10 requires a party to state all claims in separately number

1

paragraphs "each limited as far as practicable to a single set of circumstances." *See* FED. R. CIV. P. 10(b). Finally, Local Rule 5.1 requires double-spacing of all pleadings or papers presented for filing with this Court. *See* SDIL-LR 5.1(a).

Here, the Third Amended Complaint is entitled "(Order to File Amended Complaint)" and "(Verified Complaint)." (Doc. 23, pp. 1-2). It is single spaced and two paragraphs in length. Because Plaintiff invokes no jurisdictional basis for the Complaint, it is unclear whether he seeks relief under 42 U.S.C. § 1983, 28 U.S.C. § 1331, or some other federal or state law. He neither identifies the claims he is bringing against each defendant nor refers to the constitutional or statutory basis for his claims. Plaintiff generally and vaguely addresses the conditions of his confinement and the denial of his medical care at Menard Correctional Center from 2023-25, but does not describe any incident with sufficient detail to support a claim against a defendant. He also omits a request for relief. *Id*.

Accordingly, the Third Amended Complaint does not survive review under § 1915A and will be **DISMISSED** for violating Federal Rules of Civil Procedure 8 and 10 and Local Rule 5.1(a). Plaintiff has now made four unsuccessful attempts to plead his claims herein but has failed to state a claim upon which relief may be granted. *See also* Docs. 1, 17, 18, and 23. Therefore, this case will be dismissed with prejudice.

## Disposition

The Third Amended Complaint (Doc. 23) is **DISMISSED with prejudice** for violating Federal Rules of Civil Procedures 8 and 10 and SDIL-Local Rule 5.1(a) and for failure to state a claim upon which relief may be granted. This dismissal qualifies as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the case

was filed.  Therefore, the filing fee remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike" under 28 U.S.C. § 1915(g).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  May 12, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**

3